**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SANTA HOMES, LP,** | § | |
| **Plaintiff,** | § | |
| | § | |
| ***v.*** | § | Civil Action No. 3:13-CV-5053-M-BK |
| | § | |
| **JOSE GONZALEZ,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  The cause is now before the Court on Plaintiff's *Motion to Remand to State Court*. (Doc. 5).  Upon review, Plaintiff's motion should be **GRANTED**, and this case should be **REMANDED** to state court for all further proceedings.

Plaintiff filed a petition for forcible detainer against the *pro se* Defendant in Justice of the Peace Court in Tarrant County, Texas.[1]  [Doc. 1 at 7].  A default judgment was entered against Defendant in the state court, after which, he appealed to County Court at Law No. 1, Tarrant County.  [Doc. 1 at 8, 10, 12].  Trial in county court was scheduled for January 2, 2014, and Defendant removed the action to this Court on December 31, 2013.  [Doc. 1 at 1, 17].  Defendant contends that subject-matter jurisdiction exists based on the diverse citizenship of the parties and the requisite amount in controversy being satisfied.  [Doc. 1 at 2–3].

Diversity jurisdiction is unsupported in this case.  A suit originally filed in state court is removable to federal court on the basis of diversity jurisdiction as long as no defendant is a

---

[1]  While removal of this case should have been to the Fort Worth Division of this Court, in the interest of judicial economy, the Court declines to transfer the case.  28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (noting the district court's broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).  This is commonly known as the "forum-defendant" rule.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009).  In this case, Defendant's removal notice concedes that he is a Texas citizen.  [Doc. 1 at 2].  Because he removed this case to a United States District Court in Texas, removal was improper under section 1441(b).  Federal question jurisdiction is also unsupported.  Plaintiff's petition reveals that this is simply a forcible detainer action under state law and does not raise any federal cause of action.  [Doc. 1 at 7].

For the foregoing reasons, it is recommended that Plaintiff's *Motion to Remand* (Doc. 5) be **GRANTED** and this case be **REMANDED** to County Court at Law No. 1, Tarrant County for further proceedings.

**SO RECOMMENDED**, March 11, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3